The plaintiffs filed their bill in this cause, alleging that they bad recovered judgment against the defendant William San- • demon, on which execution had been returned unsatisfied; that said defendant had an equitable interest in part of lot 2, square 690, the legal title of which was in Thomas E. Waggaman, under a deed of trust to him to secure an alleged indebtedness, and with power in him to sell and convey said property on default to pay such debt; and the bill prayed that the beneficiaries of that deed be required to discover the ■amount of their incumbrance, and that meanwhile said Waggaman be restrained pendente lite from making any sale under the deed to him.
This injunction pendente lite was granted, but subsequently, and on the 10th of May, 1877, the court, on motion of the *403 plaintiff, with consent of the beneficiaries and trustee aforesaid, passed its order releasing Waggaman from the said injunction, and granting him “ leave * * * to sell * * * under the deed of trust.”
Waggaman afterwards sold the property to the plaintiff, and reported a balance after paying the debt secured and the expenses of sale, which balance he was ordered to. bring into court. On the 20th of August, 1877, the plaintiff's filed their petition for a writ of assistance, and on the same day the writ was issued, reciting that the defendant Sanderson having been commanded to deliver possession to the plaintiffs, and proof having been made of his refusal to obey, the marshal was required to eject Sanderson and establish the plaintiffs in possession. The following day, August 21, an order was obtained by Sanderson’s solicitor, from one of the justices of this court not then holding the special term in equity, requiring the plaintiff to show cause before the court on the next ' rule day, September 4, why the writ of assistance should not be quashed, and meanwhile restraining further proceedings under the writ. The steps intermediate to the return day of this rule need not be stated, as they were not taken into consideration by the court in deciding this case.
On the following rule day, September 4, the plaintiffs not appearing to show cause under the order of August 21, the defendant Sanderson took the order of the court requiring the plaintiffs to show cause on the following Friday why the writ of assistance should not be quashed and a writ of restitution awarded. Copy of this order was duly served on the 5th of September, and on the 7th, or return day of the order, the plaintiff's came in, and, in reply thereto, for cause, filed and read their answer. The court thereupon passed its order vacating its former order of September 4, 1877.
The question principally discussed at the hearing was, whether an order awarding a writ of assistance, or an order refusing to set it aside, was sucb an order as may be taken by appeal to the general term. Section 772 of the Revised Statutes of the District of Columbia provides that any party *404 aggrieved by any order, judgments, or decree made or pronounced at any special term, may, if the same involve the merits of the action or proceeding, appeal therefrom to the general term, &c. The court decided that the orders in question did not involve the merits, because the merits or the material points in controversy must necessarily be settled before a writ of assistance can be awarded. The appeal was therefore dismissed as one which would not lie under the act conferring jurisdiction upon the general term.
R. K. Elliot, for complainants.
William A. Meloy, for defendants.